# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

KRISTINA JOHNSON,

Plaintiff,

v.

UPGRADE, INC.,

Defendant.

Case No. 8:25-cv-2419-KKM-CPT

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES UNDER THE FAIR CREDIT REPORTING ACT

Plaintiff Kristina Johnson ("Plaintiff"), proceeding *pro se*, files this Complaint against Defendant Upgrade, Inc. ("Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as this action arises under the FCRA.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1681p because Plaintiff resides in this District, a substantial part of the events giving rise to the

1



claims occurred in this District, and Defendant regularly conducts business in this District by furnishing information to consumer reporting agencies that affects consumers in this District.

## II. PARTIES

3. Plaintiff Kristina Johnson is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides at 2329 Newton Dr., Palm Harbor, FL 34683.

4. Defendant Upgrade, Inc. is a corporation with its principal place of business at 275 Battery Street, Suite 2300, San Francisco, CA 94111. Defendant is a "furnisher" of information to consumer reporting agencies as defined by 15 U.S.C. § 1681s-2 and regularly furnishes consumer credit information to consumer reporting agencies in the course of its business. Defendant may be served with process at its principal place of business.

## III. STATEMENT OF FACTS

5. On July 7, 2025, Plaintiff was in the middle of applying for a loan for a serious/severe health condition, which Plaintiff will not disclose in a public forum like PACER.gov.

6. Plaintiff decided to check her reports first.

7. Plaintiff immediately went to annualcreditreport.com and downloaded all 3 of her credit reports.

8. Once Plaintiff downloaded them, she realized that there was inaccurate payment history on all 3 reports being reported by Upgrade, Inc.

9.  On Equifax, Defendant reported Plaintiff with no 30-day late but immediately marked her as 60 days late in October of 2023.

[Exhibit A attached hereto and incorporated herein: Copy of the relevant portion of Plaintiff's Equifax credit report dated July 2025, showing the Upgrade Account payment history with a 60-day late mark in October 2023 and no preceding 30-day late mark.]

**UPGRADE INC - Closed**

275 BATTERY ST 22ND FL, SAN FRANCISCO, CA 94111-4123   (855) 567-1795   Date Reported: **05/13/2025**   Balance: **$5,444**
Account Number: **\*0171**   Owner: **Individual Account**   Credit Limit: •   High Credit: **$4,999**
Loan Amount Type: **Line Of Credit**   Status: **Charge Off**

Date Opened: **07/22/2022**   Date of First Delinquency: **08/05/2023**   Terms Frequency: **Monthly**
Date of Last Activity: •   Date Major Delinquency 1st Reported: **04/10/2025**   Monthly Renewal: **32**
Scheduled Payment Amount: •   Amount Past Due: **$5,444**   Deferred Payment Start Date: •
Actual Payment Amount: •   Charge Off Amount: **$4,864**   Balloon Payment Amount: •
Date of Last Payment: **03/07/2023**   Date Closed: •   Balloon Payment Date: •
Term Duration: •   Activity Designation: •   Narrative Code(s): **167, 067, 073**

**Payment History**

**24 Month History**

10. On TransUnion, Defendant reported Plaintiff with no 30-day late for the same exact account but immediately marked her as 60 days late in a totally different month, September of 2023.

[Exhibit B attached hereto and incorporated herein: Copy of the relevant portion of Plaintiff's TransUnion credit report dated July 2025, showing the Upgrade Account payment history with a 60-day late mark in September 2023 and no preceding 30-day late mark.]

| September 2023 | October 2023 | November 2023 | December 2023 | January 2024 | February 2024 |
|---|---|---|---|---|---|
| Balance | Balance | Balance | Balance | Balance | Balance |
| - - - | - - - | - - - | - - - | - - - | - - - |
| Past Due | Past Due | Past Due | Past Due | Past Due | Past Due |
| - - - | - - - | - - - | - - - | - - - | - - - |
| Amount Paid | Amount Paid | Amount Paid | Amount Paid | Amount Paid | Amount Paid |
| - - - | - - - | - - - | - - - | - - - | - - - |
| Remarks | Remarks | Remarks | Remarks | Remarks | Remarks |
| - - - | - - - | - - - | - - - | - - - | - - - |
| Rating | Rating | Rating | Rating | Rating | Rating |
| 60 | 90 | C/O | C/O | C/O | C/O |

| March 2024 | April 2024 | May 2024 | June 2024 | July 2024 | August 2024 |
|---|---|---|---|---|---|
| Balance | Balance | Balance | Balance | Balance | Balance |
| - - - | - - - | - - - | - - - | - - - | - - - |
| Past Due | Past Due | Past Due | Past Due | Past Due | Past Due |
| - - - | - - - | - - - | - - - | - - - | - - - |
| Amount Paid | Amount Paid | Amount Paid | Amount Paid | Amount Paid | Amount Paid |
| - - - | - - - | - - - | - - - | - - - | - - - |
| Remarks | Remarks | Remarks | Remarks | Remarks | Remarks |
| - - - | - - - | - - - | - - - | - - - | - - - |

11. On Experian for the same exact account, Defendant had no 30-day lates but marked Plaintiff as 60 days late in August of 2023.

[Exhibit C attached hereto and incorporated herein: Copy of the relevant portion of Plaintiff's Experian credit report dated July 2025, showing the Upgrade Account payment history with a 60-day late mark in August 2023 and no preceding 30-day late mark.]



**UPGRADE INC**

POTENTIALLY NEGATIVE

### Account Info

| | |
|---|---|
| Account Name | **UPGRADE INC** |
| Account Number | **17715XXXX** |
| Account Type | **Line of Credit** |
| Responsibility | **Individual** |
| Date Opened | **07/22/2022** |
| Status | **Account charged off. $4,864 written off. $5,444 past due as of May 2025.** |
| Status Updated | **Oct 2023** |
| Balance | **$5,444** |
| Balance Updated | **05/31/2025** |
| Recent Payment | **-** |
| Monthly Payment | **-** |
| Credit Limit | **-** |
| Highest Balance | **$5,444** |
| Terms | **1 Month** |
| On Record Until | **Apr 2030** |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | CO | CO | CO | – | – | – | – | – | – | – |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | – | – | ✓ | ✓ | ✓ | ✓ | ✓ | 60 | 90 | CO | CO | CO |

sa.experian.com/acr/printReport?type=CDI                                         41/59

12. The same exact account, from the same furnisher with totally different payment history.

13. Plaintiff immediately disputed the account with all 3 CRAs via certified mail with the following certified mail tracking numbers: Experian - 9505 5141 6294 5189 0044 77; TransUnion - 9505 5141 6294 5189 0044 91; Equifax - 9505 5141 6294 5189 0045 14.

14. The account came back verified and nothing was changed.

15. Plaintiff immediately sent a letter directly to Upgrade, Inc. using certified mail # 9589071052703021037052 outlining what the reporting issue was/is and how it was not fixed.

[Exhibit D attached hereto and incorporated herein: Copy of Plaintiff's dispute letter to Upgrade, Inc. dated July 2025, sent via certified mail # 9589071052703021037052.]

Kristina Johnson
2329 Newton Dr
Palm Harbor, FL 34683
kristinajohnson552@outlook.com

Upgrade Inc.
2755 Campus Dr, Suite 200
San Mateo, CA 94403
Attention: Dispute Resolution Department

RE: Account Numbers 17715XXXX and 18282XXXX; Dispute of Verification of Late Payment Reporting

Dear Upgrade Inc. Dispute Resolution Department,

This letter serves as a formal demand under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681i and § 1681s-2(b), regarding the above-referenced accounts. I, Kristina Johnson, am challenging the recent verification of reported late payments and negative status for both accounts, as reflected in the payment history reported to consumer credit agencies. Your failure to provide adequate substantiation or conduct a reasonable investigation into these disputed items constitutes a clear violation of federal consumer protection laws, potentially subjecting you to significant liability.

The account records indicate a series of overdue payments and negative status for the following accounts, which you have purportedly verified:

1. Account Number 17715XXXX: Inaccurate, and incomplete payment history across all 3 CRA'S. 3 different dates of first delinquency across all 3 reports. 1.      On Experian for the same exact account they had no 30 day lates, but marked me as 60 days late in August of 2023 1.    On TransUnion they reported me with no 30 days late for the same exact account they immediately marked me as 60 days but in a totally different month. On Transunion I was marked as 60 days late in September of 2023. 1.    On Equifax they report me with no 30 day late just immediately 60 day in October of 2023

2. Account Number 18282XXXX: Inaccurate, and incomplete payment history across all 3 CRA'S. 3 different dates of first delinquency across all 3 reports. 1.      On Experian for the same exact account they had no 30 day lates, but marked me as 60 days late in August of 2023 1.    On TransUnion they reported me with no 30 days late for the same exact account they immediately marked me as 60 days but in a totally different month. On Transunion I was marked as 60 days late in September of 2023. 1.    On Equifax they report me with no 30 day late just immediately 60 day in October of 2023

This verification is deficient in transparency and fails to comply with the FCRA's mandate that furnishers of information undertake a reasonable investigation upon receipt of a dispute. See 15

16. Upgrade, Inc. responded shortly after with a letter stating that they received the dispute via Equifax and that nothing would be changed.

[Exhibit E attached hereto and incorporated herein: Copy of Upgrade, Inc.'s response letter dated August 2025, confirming receipt of the dispute via Equifax and refusing to change the reported information.]

upgrade
2 N. Central Ave
Floor 10
Phoenix, AZ 85004

KRISTINA JOHNSON
2328 NEWTON DR
PALM HARBOR, FL 34683

Dear KRISTINA JOHNSON,

Thank you for your request, which was forwarded to us from Equifax on 07/14/2025.

In your request, you requested validation of account history data in regard to the account 182820885. Please note the originating bank for this account is Cross River Bank.

We have reviewed the claims and transaction history and confirmed that your last payment was made to us on 6/19/2023.

The information is current, and accurate as of 8/5/2025.

Furthermore, the information that we have correlates to what is being reported to the credit bureaus.

If you have any records that would suggest any additional payments made, please contact us at 1-833-768-6775 to discuss the discrepancy.

Sincerely,

Upgrade Servicing Team

upgrade

IMPORTANT NOTICE: We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

17. Plaintiff immediately sent Defendant a demand letter on August 25, 2025, making them aware of her intent to sue if this was not fixed using certified mail # 9589071052703021041547.

18. As of the date of this complaint being drafted, nothing has changed.

19. This deteriorated Plaintiff's health.

20. This caused Plaintiff severe anxiety.

21. This hurt Plaintiff's marriage.

## IV. CAUSES OF ACTION

**COUNT I: Violation of 15 U.S.C. § 1681s-2(b) - Failure to Conduct Reasonable Investigation**

22. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 21 above.

23. Defendant, as a furnisher, received notice from at least one consumer reporting agency (Equifax) of Plaintiff's dispute regarding the inaccurate payment history for the Upgrade Account, as evidenced by Defendant's response letter acknowledging receipt of the dispute via Equifax.

24. The reported information was inaccurate because, for the same account, Defendant furnished conflicting late payment dates to the three consumer reporting agencies (August 2023 to Experian, September 2023 to TransUnion, and October 2023 to Equifax), which is logically impossible for a single event and lacks any preceding 30-day late mark, rendering the reporting patently erroneous on its face.

25. Upon receiving notice of the dispute, Defendant was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation with respect to the disputed information, review all relevant information provided by the consumer reporting agency, and report the results of the investigation to the consumer reporting agency.

26. If the investigation found the information incomplete or inaccurate, Defendant was required to modify, delete, or permanently block the reporting of that information to the consumer reporting agencies.

27. Defendant failed to conduct a reasonable investigation, as it verified the inaccurate information without correcting the patent inconsistencies in the reported late payment dates or the absence of a preceding 30-day late mark.

28. Defendant's failure was willful or, alternatively, negligent, as the inconsistencies were obvious and could not have been overlooked in a reasonable investigation.

29. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages, including deterioration of her health, severe anxiety, and harm to her marriage, as well as harm to her creditworthiness and ability to obtain a loan for her serious health condition.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Actual damages in the amount of $25,000 for the deterioration of her health, severe anxiety, and harm to her marriage;

b. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A) or § 1681o(a)(1);

c. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) in an amount sufficient to punish Defendant and deter future violations;

d. Costs of this action; and e. Such other and further relief as the Court deems just and proper.

**DATED**: September 5, 2025

Respectfully submitted,

/s/ Kristina Johnson Kristina Johnson, *pro se*

2329 Newton Dr.

Palm Harbor, FL 34683

kristinajohnson552@outlook.com